ROBERT HUTCHINSON (SBN 45367)
rhutchinson@cpmlegal.com
GARY A. PRAGLIN (SBN 101256)
gpraglin@cpmlegal.com
KELLY WEIL (SBN 291398)
kweil@cpmlegal.com
NANCI NISHIMURA (SBN 152621)
nnishimura@cpmlegal.com
ANNE MARIE MURPHY (SBN 202540)
amurphy@cpmlegal.com
HANNAH BROWN (SBN 337592)
hbrown@cpmlegal.com
**COTCHETT, PITRE & McCARTHY, LLP**
2716 Ocean Park Boulevard, Suite 3088
Santa Monica, CA 90405
Telephone: (310) 392-2008
Facsimile: (310) 392-0111

*Attorneys for Plaintiff*

WYLIE A. AITKEN (SBN 37770)
wylie@aitkenlaw.com
DARREN O. AITKEN (SBN 145251)
darren@aitkenlaw.com
MEGAN J. DEMSHKI (SBN 306881)
megan@aitkenlaw.com
**AITKEN*AITKEN*COHN**
3 MacArthur Place Suite 800
Santa Ana, CA 92707
Tel.: (714) 434-1424
Fax: (714) 434-3600

GREGORY L. BENTLEY (SBN 151147)
gbentley@bentleymore.com
CLARE LUCICH (SBN 287157)
clucich@bentleymore.com
MATTHEW W. CLARK (SBN 273950)
mclark@bentleymore.com
**BENTLEY & MORE LLP**
4931 Birch Street
Newport Beach, CA 92660-2114
Tel.: (949) 870-3800
Fax: (949) 732-6291

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| **BRADLEY BITTON d/b/a BRAD'S LIVE LOCAL LOBSTER; KIRK SCHOONOVER**, on behalf of themselves and all other similarly situated,<br><br>        Plaintiff,<br>   v.<br><br>**AMPLIFY ENERGY CORPORATION**, a Texas Corporation; **BETA OPERATION COMPANY LLC** d/b/a BETA OFFSHORE, a Texas Corporation; **SAN PEDRO BAY PIPELINE COMPANY**, a Texas Corporation,<br><br>        Defendants. | CASE NO: 8:21-CV-01694-DOC-JDEx<br><br>**PLAINTIFFS' MOTIONS for CASE CONSOLIDATION and APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL;**<br><br>**MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT**<br><br>Judge: Hon. David O. Carter<br><br>**Date:** November 15, 2021<br>**Time:** 8:30 a.m.<br>**Room:** Courtroom 9D<br><br>Filed: October 7, 2021<br>Trial: None Set |

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

**PLAINTIFFS' JOINT MOTION FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS COUNSEL AND NOTICE TO ALL PARTIES:**

**PLEASE TAKE NOTICE** that on November 15, 2021 at 8:30 a.m., or as soon as thereafter as the matter may be heard before the Honorable David O. Carter of the United States District Court for the Central District of California, located at 411West Fourth Street, Courtroom 9D, Santa Ana, CA 92701-4516, Plaintiffs Banzai Surf Company LLC, Bradley Bitton, et al., East Meets West Excursions, et al., and Charlie's Gyros will move for consolidation of their cases and appointment of Cotchett, Pitre & McCarthy, LLP, Aitken*Aitken*Cohn, and Bentley & More LLP as Interim Co-Lead Class Counsel for the following proposed classes: (1) Commercial ocean and beach activities class; (2) Commercial fishing class; (3) Commercial sea operations class; (4) General commercial class; and, (5) Homeowner and resident class.  This motion is being concurrently filed in the following related cases: *Banzai Surf Company v. Amplify Energy Corporation et al.*, 8:21-cv-01669, filed 10/7/2021; *East Meets West Excursions et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01725, filed 10/18/2021; and *Charlie's Gyros, Inc. v. Amplify Energy Corporation, et al.*, 8:21-cv-01738, filed 10/20/2021.

Additionally, courtesy copies are being served on plaintiffs' counsel for the following related cases:  *Peter Moses Gutierrez v. Amplify Energy Corporation et al.*, 8:21-cv-01628, filed 10/04/2021; *Stephen Samuelian, et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01658-DOC-JDE, filed 10/6/2021; *Quality Sea Food, Inc. et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01680, filed 10/08/2021; *Daveys Locker Sportfishing, Inc. et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01684, filed 10/11/2021; *Ketcham Tackle LLC v. Amplify Energy Corp. et al.*, 8:21-cv-01685, filed 10/11/2021; *Newport Surfrider, LLC v. Amplify Energy Corporation et al.*, 8:21-cv-01686, filed 10/11/2021; *James Whelan et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01706, filed 10/13/2021; *Beyond Business Incorporated v. Amplify Energy*

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

*Corporation et al.*, 8:21-cv-01714, filed 10/14/2021; *N.S.T., a minor v. Amplify Energy Corporation, et al.*, 8:21-cv-01722, filed 10/17/2021; and *Hill's Boat Service, Inc. v. Amplify Energy Corp. et al.*, 8:21-cv-01734, filed 10/19/2021.

This request is based on the following memorandum of law, the record in this case, all accompanying declarations and exhibits, and any arguments or other material to be presented at the hearing. This motion is supported by Bottini & Bottini, Inc., attorneys in *Newport Surfrider, LLC v. Amplify Energy Co., et al*, 8:21-cv-01686-DOC-JDEx, and The Matiasic Firm, P.C., attorneys in *Quality Sea Food, Inc., et al. v. Amplify Energy Corporation*, *et al.*, 8:21-cv-01680-DOC-JDEx.

Local Rule 7-3 requires counsel for the parties to meet and confer prior to the filing of most motions to try to eliminate the necessity of the motion. Plaintiffs' counsel in all related cases had phone meetings in an attempt to establish an interim leadership group moving forward, but the calls did not result in any consensus as to which law firm(s) would act as interim lead class counsel. Thus, meet and confer telephone calls did not eliminate the need for this motion.

Further, given the relief requested, a meet and confer with counsel for Defendants would not have eliminated the need for this Motion.

Dated: October 28, 2021

**COTCHETT, PITRE & MCCARTHY, LLP**

By:  */s/ Kelly W. Weil*
ROBERT HUTCHINSON
KELLY W. WEIL
NANCI NISHIMURA
ANNE MARIE MURPHY
HANNAH BROWN
*Attorneys for Plaintiffs*

**AITKEN*AITKEN*COHN**

By:  */s/ Wylie A. Aitken*
WYLIE A. AITKEN
DARREN O. AITKEN
MEGAN G. DEMSHKI
*Attorneys for Plaintiffs*

**BENTLEY & MORE LLP**

By:  */s/ Gregory Bentley*
GREGORY BENTLEY
CLARE LUCICH
MATTHEW W. CLARK
*Attorneys for Plaintiffs*

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

# **TABLE OF CONTENTS**

**PAGE NO.:**

**MEMORANDUM OF POINTS AND AUTHORITIES** .......................................1

**I.   INTRODUCTION** ................................................................................1

**II.  BACKGROUND** .................................................................................3

  A.   Actions Filed by Plaintiffs' Counsel ........................................................3

  B.   Related Oil Spill Actions ...........................................................................3

**III. ARGUMENT** .......................................................................................4

  A.   Legal Standard ...........................................................................................4

    1.   Case Consolidation .............................................................................4

    2.   Interim Co-Lead Counsel ....................................................................5

  B.   Plaintiffs' Claims Present Common Issues of Law And Fact And Consolidation Will Conserve Judicial Resources. ........................................6

  C.   Plaintiffs' Counsel Possess The Background And Skill To Effectively Serve As Interim Co-Lead Counsel. ........................................................7

    1.   The Related Orange County Oil Spill Cases Demand Appointment Of Interim Co-Lead Counsel. .....................................................................7

    2.   Plaintiffs' Counsel Have Dedicated Significant Time to Investigating Potential Claims. ...................................................................................8

    3.   Plaintiffs' Counsel Have Extensive Experience Litigating Class Actions and Environmental Cases. ...................................................................8

      (a)   *Aitken\*Aitken\*Cohn Is An Orange County Law Firm With Decades Of Experience In Class Action And Mass Tort Litigation.* ....................9

      (b)   *Cotchett, Pitre & Mccarthy, LLP Is An Environmental And Class Action Firm With Substantial Leadership Experience.* ......................10

      (c)   *Bentley & More LLP Is An Orange County Law Firm With A Winning Record In Class Action Litigation.* ..................................................13

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.    Plaintiffs' Counsel Individually And Together Have The Resources Needed To Represent The Class. .......................................................... 15

5.    Plaintiffs' Counsel Have The Experience Needed To Represent The Defined Classes in the Related Actions. .............................................. 16

6.    Plaintiffs' Counsel Are Best Positioned To Serve As Interim Co-Lead Counsel. .................................................................................. 17

**IV. CONCLUSION ...................................................... 18**

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**    ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Air Cargo Shipping Services Antitrust Litig.*,
   240 F.R.D. 56 (E.D.N.Y. 2006)..................................................................... 16

*Alec L. v. Jackson*,
   863 F. Supp. 2d 11 (D.D.C. 2012), *aff'd sub nom. Alec L. ex rel. Loorz
   v. McCarthy*, 561 F. App'x 7 (D.C. Cir. 2014) ........................................ 12

*Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al.*,
   No. 17-cv-00123-JST, 2017 WL 4071368 (N.D. Cal. Sept. 14, 2017).................... 5

*Bair v. California State Dep't of Transp.*,
   867 F. Supp. 2d 1058 (N.D. Cal. 2012)................................................ 12

*Bartling v. Apple Inc.*,
   No. 5:18-cv-00147-EJD, 2018 WL 4804735 (N.D. Cal. Apr. 27, 2018).................. 5

*Friedman v. Guthy-Renker LLC*,
   No. 2:14-cv-06009-ODW, 2016 WL 2758240 (C.D. Cal. May 12,
   2016) ...................................................................... 8, 13, 16

*Friends of Del Norte v. California Dep't of Transportation*,
   No. 3:18-CV-00129-JD, 2020 WL 1812175 (N.D. Cal. Apr. 9, 2020) ................... 12

*Greenberg v. Giannini*
   (2d Cir. 1944) 140 F.2d 550 ........................................................ 6

*Holly Wedding, et al. v. CalPERS*,
   BC517444, J.C.C.P. 4936............................................................ 14

*Kimura v. CSAA Insurance Exchange*,
   Sonoma Superior Court Case No. SCV-263694 ........................................ 14

*Loretz v. Regal Stone, Ltd.*,
   756 F. Supp. 2d 1203 (N.D. Cal. 2010)............................................. 11

*McConnell v. PacifiCorp, Inc.*,
   No. C 07-2382 ..................................................................... 12

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

iii

*In re Nest Labs Litig.*,
 No. 14-CV-01363-BLF, 2014 WL 12878556 (N.D. Cal. Aug. 18,
 2014) .................................................................................................... 7

*Pac. Coast Fed'n of Fishermen's Associations v. Glaser*,
 945 F.3d 1076 (9th Cir. 2019) ........................................................... 12

*Tarantino v. Hanjin Shipping Co.*,
 No. CGC-07-469379, 2011 WL 6283119 (Cal.Super. May 16, 2011) ................... 11

*Taylor v. Schneider Nat'l Carriers, Inc.*,
 No. ED CV 10-923-GHK, 2010 WL 11515254 (C.D. Cal. Oct. 27,
 2010) .................................................................................................... 8

*United Mine Workers of Am. v. Gibbs*,
 383 U.S. 715 (1966) ............................................................................. 4

*White v. TransUnion, LLC*,
 239 F.R.D. 681 (C.D. Cal. 2006) ......................................................... 7

*Zdanok v. Glidden Co., Durkee Famous Foods Division*
 (2d Cir. 1964) 327 F.2d 944 ................................................................ 6

**Statutes**

MCL 4th § 10.224 ...................................................................... 5, 9, 16

**Other Authorities**

Fed. R. Civ. P. 23 ................................................................................ 16

Fed. R. Civ. P. 23(g)(1)(A) ................................................................... 5

Fed. R. Civ. P. 23(g)(1)(A)(i) ............................................................... 8

Fed. R. Civ. P. 23(g)(1)(B) ................................................................... 5

Fed. R. Civ. P. 23(g)(4) ........................................................................ 5

Fed. R. Civ. P. 42(a)(2) ........................................................................ 4

Federal Rule of Civil Procedure 23(g)(3) ........................................ 2, 5

Rule 23(g) ......................................................................................... 8, 9

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

iv

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.      <u>INTRODUCTION</u>

Plaintiffs are pursuing class action complaints on behalf of Orange County business owners, Orange County residents, and commercial fishers who were affected by the oil spill off the coast of Orange County in early October 2021.  Cotchett, Pitre & McCarthy LLP ("CPM") represents Plaintiffs Banzai Surf Company LLC (Huntington Beach surf school) (8:21-cv-01669) and Bradley Bitton and Kirk Schoonover (Orange County commercial fishermen) (8:21-cv-01694) before this Court.  Aitken*Aitken* Cohn ("AAC") represents East Meets West Excursions (Newport Beach whale watching charter business), Mike Owens (Newport Beach commercial boat captain), Michael Jensen (Newport Beach commercial boat captain), Patrick and Jolynn Mahoney (Newport Bay homeowners), Steven and Gina Rosansky (Newport Beach homeowners and Chair of the Chamber of Commerce), and John and Marysue Pedicini (Newport Beach beach-front homeowners) (8:21-cv-01725) in a related case before Judge Cormac J. Carney.  Bentley & More LLP ("B&M") represents Plaintiff Charlie's Gyros, Inc. (Huntington Beach restaurant) (8:21-cv-01738) in a related case before Judge James V. Selna.

From the moment news of the oil spill came to light, CPM, AAC, and B&M (hereinafter together referred to as "Plaintiffs' Counsel") have been narrowly focused on Plaintiffs' and putative class members' claims.  Plaintiffs' counsel have conducted thorough prefiling investigations, put Defendants on notice regarding preservation of evidence, spent considerable time in the affected areas (including observing oil on beaches and in marshes), retained expert witnesses, closely followed municipal and regulatory actions, drafted Freedom of Information Act requests, drafted early discovery requests, and coordinated with counsel representing plaintiffs in other related lawsuits to avoid duplication of efforts.

Cotchett, Pitre & McCarthy LLP alone has *no less than eight lawyers*, and a team of competent support staff, spending a significant amount of time on these cases,

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

1

1  combined with similar personnel and resources from Aitken*Aitken*Cohn and Bentley
2  & More LLP.   AAC and B&M are located in Santa Ana and Newport Beach,
3  respectively, and regularly litigate cases in the Central District's Southern Division.  All
4  three firms operate out of the Central District of California and regularly litigate cases
5  in the District.

6       As of the date of filing, fourteen separate related class action cases have been filed
7  against Defendants before this District.  Therefore, to protect class members' interests
8  and avoid duplication of efforts, Plaintiffs respectfully move pursuant to Federal Rule
9  of Civil Procedure 23(g)(3) to appoint their counsel Cotchett, Pitre & McCarthy, LLP,
10  Aitken*Aitken*Cohn, and Bentley & More LLP as Interim Co-Lead Class Counsel for
11  the following proposed classes: (1) Commercial ocean and beach activities class; (2)
12  Commercial fishing class; (3) Commercial sea operations class; (4) General commercial
13  class; and, (5) Homeowner and resident class.

14       As set forth below, Plaintiffs' Counsel are well-qualified to represent the proposed
15  classes of Orange County business owners, fishers, and residents.   First, Plaintiffs'
16  Counsel have invested substantial time and effort to prepare their cases.   Plaintiffs'
17  Counsel have conducted a thorough independent investigation into Plaintiffs' claims,
18  begun to prepare initial discovery, hired forensic consultants, and spent significant time
19  on the ground in Huntington Beach, Newport Beach, Laguna Beach, and Dana Point.
20  Second, Plaintiffs' Counsel have combined extensive experience litigating complex
21  class actions on behalf of plaintiffs, including specific expertise in class actions and mass
22  torts actions following environmental disasters.   Finally, Plaintiffs' Counsel each
23  individually and combined has the resources necessary to vigorously and efficiently
24  prosecute this action.

25       For these reasons, Plaintiffs' Counsel respectfully requests appointment as
26  Interim Co-Lead Class Counsel for the following proposed classes: (1) Commercial
27  ocean and beach activities class; (2) Commercial fishing class; (3) Commercial sea
28  operations class; (4) General commercial class; and, (5) Homeowner and resident class.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

2

## II.    BACKGROUND

### A.    Actions Filed by Plaintiffs' Counsel

Cotchett, Pitre & McCarthy LLP represents Plaintiffs Banzai Surf Company LLC (8:21-cv-01669) and Bradley Bitton and Kirk Schoonover (8:21-cv-01694) before this Court.   Aitken*Aitken*Cohn represents East Meets West Excursions, Mike Owens, Michael Jensen, Patrick and Jolynn Mahoney, Steven and Gina Rosansky, and John and Marysue Pedicini (8:21-cv-01725) in a related case before Judge Cormac J. Carney. Bentley & More LLP represents Plaintiff Charlie's Gyros, Inc. (8:21-cv-01738) in a related case before Judge James V. Selna.

The *Banzai* Complaint was the third complaint to be filed in these related actions (after the *Gutierrez* Complaint, filed on behalf of a local disc jockey, and the *Samuelian* Complaint, filed on behalf of a property owner with beachfront access).   The *Banzai* Complaint was the first to be filed on behalf of a local business, a surf school, who continues to suffer negative impacts to its business income based on its loss of tourism-based customers.   The *Bitton* Complaint was filed shortly thereafter on behalf of commercial fishers.   The *East Meets West Excursions* Complaint was filed days later, representing a whale watching charter, individual commercial boat captains, and individual residents and homeowners of Newport Beach, California.   The *Charlie's Gyros* Complaint was then filed on behalf of a Huntington Beach restaurant.

Plaintiffs' Counsel has been retained by seaside businesses, fishers, charter companies, coastline residents, and boat owners who have been impacted by the oil spill.

### B.    Related Oil Spill Actions

At least ten other class action lawsuits have been filed against Amplify Energy Co.:

- *Peter Moses Gutierrez v. Amplify Energy Corporation et al.*, 8:21-cv-01628, filed 10/04/2021
- *Stephen Samuelian, et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01658-DOC-JDE, filed 10/6/2021

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                    3

- *Quality Sea Food, Inc. et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01680, filed 10/08/2021
- *Daveys Locker Sportfishing, Inc. et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01684, filed 10/11/2021
- *Ketcham Tackle LLC v. Amplify Energy Corp. et al.*, 8:21-cv-01685, filed 10/11/2021
- *Newport Surfrider, LLC v. Amplify Energy Corporation et al.*, 8:21-cv-01686, filed 10/11/2021
- *James Whelan et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01706, filed 10/13/2021
- *Beyond Business Incorporated v. Amplify Energy Corporation et al.*, 8:21-cv-01714, filed 10/14/2021
- *N.S.T., a minor v. Amplify Energy Corporation, et al.*, 8:21-cv-01722, filed 10/17/2021
- *Hill's Boat Service, Inc. v. Amplify Energy Corp. et al.*, 8:21-cv-01734, filed 10/19/2021

Plaintiffs' Counsel has kept in communication with each other as well as many of the other law firms representing plaintiffs in the related actions. Plaintiffs' Counsel have recognized leadership and communication skills.

## III.  ARGUMENT

### A.  Legal Standard

#### 1.  Case Consolidation

"If actions before the court involve a common question of law or fact, the court may…consolidate the actions." Fed. R. Civ. P. 42(a)(2). "[J]oinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

///

///

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

4

## 2.    Interim Co-Lead Counsel

A court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).  In making an interim appointment, courts consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). Courts may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).  In this regard, courts evaluate whether proposed interim class counsel have worked cooperatively with opposing counsel and the court and whether counsel commands the respect of colleagues. MCL 4th § 10.224.

Interim class counsel is appointed when "overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Bartling v. Apple Inc*., No. 5:18-cv-00147-EJD, 2018 WL 4804735, at *1 (N.D. Cal. Apr. 27, 2018) (quoting *White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006)). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Azpeitia v. Tesoro Refining & Mktg. Co. LLC, et al*., No. 17-cv-00123-JST, 2017 WL 4071368, at *2 (N.D. Cal. Sept. 14, 2017) (quoting Manual for Complex Litig. ("MCL"), § 21.11 (4th ed. 2004)).  Attorneys appointed to serve as interim class counsel "must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

///

///

///

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                        5

**B.**     **Plaintiffs' Claims Present Common Issues of Law And Fact And Consolidation Will Conserve Judicial Resources.**

Plaintiffs request that, for purposes of judicial expediency and organization, the Court consolidate their cases, namely: (1) *Banzai Surf Company, LLC v. Amplify Energy Corporation, et al.*, 8:21-cv-01669; (2) *Bradley Bitton, et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01694; (3) *East Meets West Excursions, et al. v. Amplify Energy Corporation et al.*, 8:21-cv-01725; and (4) *Charlie's Gyros, Inc. v. Amplify Energy Corporation, et al.*, 8:21-cv-01738.  Each case is before this District Court.

Each complaint arises from the same oil spill.  The liability issues are the same for each case and will require all of the same written discovery and depositions. Litigation surrounding liability and punitive damages, issues common to all classes and class members, will very likely constitute the majority of work on these cases. To the extent that limited recoverable insurance and assets raises concerns regarding potential conflicts among the classes, Plaintiffs' Counsel suggests creating a Damages Committee with class-specific subcommittees to work up and coordinate regarding class damages. Ultimately, it remains possible that a Special Master is required with respect to damages, or allocation in the context of a mediation or settlement.  The complaints all allege economic losses as a result of the same oil spill.  Each complaint seeks relief under the same or substantially similar causes of action.  Each complaint names the same Defendants.  Each of these cases alleges common questions of law and fact, and they should be consolidated for practical purposes.

Plaintiffs and Plaintiffs' Counsel understand that an order for consolidation alone does not merge the cases.  *Zdanok v. Glidden Co., Durkee Famous Foods Division* (2d Cir. 1964) 327 F.2d 944, 950.  Rather, consolidation conserves judicial resources and avoids duplicate filings.  *Greenberg v. Giannini* (2d Cir. 1944) 140 F.2d 550, 552 (citing *Johnson v. Manhattan R. Co.* (1933) 289 U.S. 479, 496, 497).  This is precisely what Plaintiffs in the above-named cases seek.  Particularly, should the Court grant Plaintiffs' concurrent motion for appointment as Interim Co-Lead Counsel, having all cases in

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**          6

1   which Interim Co-Lead Counsel represent Plaintiffs will well serve the Court and the

2   entire class in terms of clarity and judicial resources.

3        Plaintiffs therefore respectfully request that the Court consolidate each of their

4   cases into one court file, as well as any other related cases the Court sees fit.

5   **C.**   **Plaintiffs' Counsel Possess The Background And Skill To Effectively**

6        **Serve As Interim Co-Lead Counsel.**

7        **1.**   **The Related Orange County Oil Spill Cases Demand**

8             **Appointment Of Interim Co-Lead Counsel.**

9        Appointment of Interim Co-Lead Counsel is appropriate here.  Already fourteen

10   separate class action lawsuits with overlapping claims and proposed classes have been

11   filed before this District.  This is precisely the situation in which interim class counsel

12   is necessary.  *See White v. TransUnion, LLC*, 239 F.R.D. 681, 683 (C.D. Cal. 2006); *In*

13   *re Nest Labs Litig*., No. 14-CV-01363-BLF, 2014 WL 12878556, at *1 (N.D. Cal. Aug.

14   18, 2014) (a typical situation requiring appointment of interim class counsel is one

15   "where a large number of putative class actions have been consolidated or otherwise are

16   pending in a single court") (quoting *Donaldson v. Pharmacia Pension Plan*, No. CIV.

17   06-3-GPM, 2006 WL 1308582, at *1-2 (S.D. Ill. May 10, 2006)).

18        Plaintiffs' Counsel propose to represent the following classes as interim co-lead

19   class counsel, as these are the classes of plaintiffs whom Plaintiffs' Counsel already

20   represent: (1) Commercial ocean and beach activities class; (2) Commercial fishing

21   class; (3) Commercial sea operations class; (4) General commercial class; and, (5)

22   Homeowner and resident class.  Understanding the volume of overlapping and

23   potentially duplicative cases and classes, Plaintiffs' Counsel stands ready to zealously

24   represent any other classes or subclasses that may be consolidated before this Court as

25   related matters as Interim Co-Lead Counsel.

26        Further, given the recency of the oil spill, Plaintiffs' Counsel continues to meet

27   with potential plaintiffs and expects to add more plaintiffs and proposed class

28   representatives to the above-named classes in an amended complaint.  Investigations are

LAW OFFICES
COTCHETT, PITRE &
MᶜCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                          7

1   ongoing, making appointment of Interim Class Counsel both timely and advantageous.

2   The Court therefore should appoint Interim Co-Lead Class Counsel in these related cases

3   to ensure judicial efficiency and management of the many class actions.

### 2. Plaintiffs' Counsel Have Dedicated Significant Time to Investigating Potential Claims.

6   CPM, AAC, and B&M have all performed substantial work in "identifying or

7   investigating potential claims in the action" from the moment news of the oil spill broke.

8   Fed. R. Civ. P. 23(g)(1)(A)(i); *see also Friedman*, 2016 WL 2758240, at *3 ("Plaintiffs'

9   counsel hav[ing] invested a significant amount of time and resources investigating the

10   claims in this case… weighs heavily in Plaintiffs' counsel's favor"). CPM's cases were

11   among the first filed against Amplify Energy Co., after sufficient on-the-ground

12   investigation and extensive discussions with Plaintiffs, and AAC and B&M filed shortly

13   thereafter. *See Taylor v. Schneider Nat'l Carriers, Inc.*, No. ED CV 10-923-GHK, 2010

14   WL 11515254, at *2 (C.D. Cal. Oct. 27, 2010) (appointing counsel that "ha[d]

15   undertaken greater investigative efforts on behalf of the putative class and [was]

16   therefore 'best able to represent the interests of the class.'" (quoting Fed. R. Civ. P.

17   23(g)(2)).

18   Further, Plaintiffs' Counsel have been actively involved in working

19   collaboratively with attorneys in related cases on early discovery. Decl. of Kelly Weil

20   ¶ 15. Plaintiffs' Counsel has also begun filing FOIA requests related to this matter and

21   have been open and agreed to share all results with attorneys in all related cases. *Id.* ¶

22   16. Plaintiffs' Counsel's background, expertise, and time spent investigating the facts

23   of the case will serve the class well through class certification and the merits, and favors

24   the appointment of Plaintiffs' Counsel as Interim Co-Lead Class Counsel.

### 3. Plaintiffs' Counsel Have Extensive Experience Litigating Class Actions and Environmental Cases.

27   Courts applying Rule 23(g) place great emphasis on proposed lead counsel's

28   experience with and knowledge of the applicable law. The Manual for Complex

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-cv-01694-DOC-JDEx**

Litigation notes that the appointment of class counsel must be informed by "counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action" and "counsel's knowledge of the applicable law."  MCL 4th § 21.271.  Here, CPM, AAC, and B&M all have substantial experience in litigating claims similar to those here (namely, class actions and environmental cases), possess knowledge of the applicable law, and have experience and expertise in managing class and complex environmental litigation generally.  The second and third Rule 23(g) factors therefore also favor appointment of proposed Interim Co-Lead Class Counsel.

> (a)   *Aitken\*Aitken\*Cohn Is An Orange County Law Firm With Decades Of Experience In Class Action And Mass Tort Litigation.*

AAC, based in Orange County for decades, has a national reputation for excellent representation.  Decl. of Wylie A. Aitken ¶¶ 8-9.  AAC counsel have decades of experience with class action and mass tort litigation, among other practice areas.  *Id*. ¶ 8.  AAC has been lead trial counsel in numerous significant tort cases involving auto product liability, bad faith insurance practices, aviation, product liability, business tort litigation and actions involving wrongful death and major personal injuries, as well as class actions and MDL's.  *Id*. ¶¶ 5.a.-5.k.; Decl. of Darren O. Aitken ¶¶ 5.a.-5.g.; Decl. of Megan G. Demshki ¶¶ 3-8.

Below are just a few of the many examples of AAC's winning cases in these areas:

- *In re Experian Data Breach Litigation* before Judge Andrew Guilford involving a data breach of the personal information of over 15 million T-Mobile customers whose information was stored with Experian.  Decl. of Wylie A. Aitken ¶ 5.a.

- In *Medical Capital v. Wells Fargo and Bank of New York Mellon* before this Court, Wylie Aitken was co-lead trial counsel in a class action which resolved the day before trial and which resulted in a $219 million recovery against two major banks for 6,600 class members with a pro rata recovery of $22,000+ per

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                                     9

individual. The settlement was the largest recovery against indenture trustees in U.S. history. Decl. of Wylie A. Aitken ¶ 5.b.

- *In re Vizio, Inc., Consumer Privacy Litigation* before Judge Josephine L. Staton involving a data breach of personal information. Decl. of Megan G. Demshki ¶ 5.

- Wylie Aitken was appointed as National Liaison Counsel in *In re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation* before Judge James V. Selna and worked with a number of excellent counsel resulting in a $1.63 billion recovery. Decl. of Wylie A. Aitken ¶ 5.c.

- Wylie Aitken has served as trial and appellate counsel in major historical cases on Insurance Bad Faith law and insurance coverage. This background will aid significantly in finding the necessary resources to compensate victims of this disaster. Decl. of Wylie A. Aitken ¶ 3.

AAC's long and deep involvement with and commitment to Orange County and its extensive contacts within the OC Community and its non-lawyer leadership will provide valuable information and access. Decl. of Wylie A. Aitken ¶¶ 8-11.

        (b)      *Cotchett, Pitre & Mccarthy, LLP Is An Environmental And Class Action Firm With Substantial Leadership Experience.*

CPM is one of the well-established law firms in the country representing plaintiffs in class actions and environmental actions. *See* Decl. of Gary A. Praglin ¶¶ 7-9. For decades, CPM has fought for environmental justice. CPM partner Pete McCloskey is the founder and co-chair of the first Earth Day in 1970. *Id.* ¶ 6. CPM is nationally recognized for prosecuting and defending actions on behalf of families, businesses, communities, and government entities injured as the result of oil spills, pollution, chemical releases, and contamination of drinking water supplies. *Id.* ¶ 8. CPM also has substantial experience and expertise in the litigation, trial, and settlement of environmental class actions. *Id.* ¶¶ 6, 8.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

10

Just this year, after nearly six years of hard-fought litigation by CPM (working closely and cooperatively with eight other law firms), SoCalGas and its parent company, Sempra Energy agreed to settle the claims of 35,717 Plaintiffs for $1.8 billion, after SoCalGas' Aliso Canyon gas storage reservoir in Los Angeles County suffered a blowout caused by infrastructure failure.  Decl. of Gary A. Praglin ¶ 4.j.  Of note, CPM partners Gary Praglin and Kelly Weil collectively took well over 100 days of depositions of important fact witnesses including SoCalGas' CEO, COO, various other managing agents, environmental and media consultants, and regulatory agencies.  *Id.*; Decl. of Kelly Weil ¶ 6.

Below are a few of the many examples of CPM's experience with environmental law:

- **Cosco Busan Oil Spill Litigation:** *Tarantino v. Hanjin Shipping Co.***, No. CGC-07-469379, 2011 WL 6283119 (Cal.Super. May 16, 2011);** *Loretz v. Regal Stone, Ltd.***, 756 F. Supp. 2d 1203 (N.D. Cal. 2010).**  CPM served as co-lead counsel for settlement and litigation classes of San Francisco Bay fishermen injured by the November 7, 2007 Cosco Busan oil spill, securing settlements for the fishermen.  Decl. of Gary A. Praglin ¶ 9.a.

- ***Southern California Gas Leak Cases* (Los Angeles Superior Court JCCP 4861).**  CPM represented thousands of residents of Los Angeles County against SoCalGas and Sempra following the blowout of a natural gas well, which caused residents to suffer serious illness and respiratory issues.  SoCalGas agreed to settle the case for $1.8 billion.  CPM served on the Plaintiffs' Steering Committee.  CPM lawyers Gary Praglin and Kelly Weil served on the trial team, where their responsibilities included taking key liability depositions, coordinating damages experts, and handling the work-up of Bellwether Plaintiffs' damages.  The case involved an infrastructure failure, like the case here, as well as questions pertaining to failure to timely report.  Decl. of Gary A. Praglin ¶ 4.j.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

11

- ***Friends of Del Norte v. California Dep't of Transportation*, No. 3:18-CV-00129-JD, 2020 WL 1812175 (N.D. Cal. Apr. 9, 2020).** Defendant State of California Department of Transportation ("Caltrans") chose to endanger a Wild and Scenic River in the Smith River National Recreation Area to benefit large commercial trucks. Caltrans approved a project captioned "197/199 Safe STAA Access Project" (the "197/199 Project") to allow major modifications to segments of State Highways 197 and 199 for the purpose of allowing access by large STAA trucks. Decl. of Gary A. Praglin ¶ 9.b.

- ***Pac. Coast Fed'n of Fishermen's Associations v. Glaser*, 945 F.3d 1076 (9th Cir. 2019).** CPM represented the San Luis & Delta-Mendota Water Authority, alleging the defendants violated the Clean Water Act by discharging pollutants from a point source without a National Pollutant Discharge Elimination System Permit. Decl. of Gary A. Praglin ¶ 9.c.

- ***Alec L. v. Jackson*, 863 F. Supp. 2d 11 (D.D.C. 2012), *aff'd sub nom. Alec L. ex rel. Loorz v. McCarthy*, 561 F. App'x 7 (D.C. Cir. 2014).** CPM represented youth plaintiffs from across the nation, as well as Kids vs. Global Warming, a non-profit organization committed to educating youth about climate change, and WildEarth Guardians, an organization dedicated to protecting and restoring wildlife. Decl. of Gary A. Praglin ¶ 9.d.

- ***Bair v. California State Dep't of Transp.*, 867 F. Supp. 2d 1058 (N.D. Cal. 2012).** CPM filed an environmental action on behalf of various North Coast residents and non-profit organizations against the California Department of Transportation challenging its approval of a highway widening and realignment project, which would have killed or seriously harmed hundreds of old-growth redwood trees and endangered species in Richardson Grove State Park. Decl. of Gary A. Praglin ¶ 9.e.

- ***McConnell v. PacifiCorp, Inc.*, No. C 07-2382 WHA(JL), 2008 WL 3843003 (N.D. Cal. Aug. 15, 2008).** CPM represented various Yurok and Karuk tribe

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

12

members and Klamath Riverkeeper, a nonprofit public benefit corporation, in an action to prevent the ongoing pollution and contamination of the Klamath River. Decl. of Gary A. Praglin ¶ 9.f.

In addition to the above cases, CPM partner Gary Praglin brings decades of experience in environmental litigation – namely, a string of groundwater contamination cases where he served as lead counsel across thousands of claims for nearly twenty years. Decl. of Gary A. Praglin ¶¶ 4.a.-4.k.

Throughout the years, CPM has worked cooperatively to gain comprehensive familiarities with applicable law and strategies for successfully resolving environmental class action cases like this one. *See Friedman*, 2016 WL 2758240, at *3 (leadership appointment is favored where "Plaintiffs' counsel have a strong command of the applicable law and will adequately protect the interests of the class"). Additionally, CPM has served as lead or co-lead counsel on dozens of lawsuits across the country, including class and environmental actions. Decl. of Gary A. Praglin ¶¶ 6-8. The demonstrated experience and breadth of expertise offered by CPM is unique among class action litigation firms, and therefore favors CPM's appointment as Interim Co-Lead Class Counsel.

(c)   *Bentley & More LLP Is An Orange County Law Firm With A Winning Record In Class Action Litigation.*

Bentley & More LLP provides zealous legal representation to consumers and employees across the nation, and across a number of different practice areas, including class actions, insurance bad faith, catastrophic personal injury, and product liability. Decl. of Gregory L. Bentley ¶¶ 3, 7. B&M would bring a breadth of trial experience to a leadership role in the related class action lawsuits before this District. *Id.* ¶ 7. B&M has a proven track record of fearlessness in taking matters to trial and beyond. The firm particularly specializes in difficult "crossover" matters that require expertise across practice areas, including thorny issues of insurance coverage in personal injury matters, and matters that combine elements of worker's compensation and third-party liability.

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx

13

*Id.* ¶¶ 3, 7.  Below are a few of the many examples of B&M's experience with class action cases:

- ***Holly Wedding, et al. v. CalPERS***, BC517444, J.C.C.P. 4936, a class action in the Los Angeles Superior Court regarding CalPERS' Long Term Care Program, and the class-wide breach of contract when CalPERS repeatedly raised policyholder premiums.  The matter is in the process of resolving, was exhaustively litigated over the last 8 years in conjunction with other class counsel by firm partners Greg Bentley, Matthew Clark, and Clare Lucich, with the proposed settlement totaling $2.7 billion. Greg Bentley serves as one of 4 court-appointed trial lawyers.  Decl. of Gregory L. Bentley ¶ 3.

- The ***Insurance Company Cases***, J.C.C.P. No. 4249, in the coordinated "Med Pay" class action cases before the Los Angeles Superior Court, entitled *Goodman v. Mercury and Theis v. 21st Century*, where founding firm partner Gregory L. Bentley served as one of the lead attorneys involved in that class action.  Decl. of Gregory L. Bentley ¶ 3.

- The ***LG Chem Product Cases***, J.C.C.P. No. 5003, where firm attorneys Gregory L. Bentley and Matthew Clark served as the lead attorneys attempting to coordinate more than a dozen actions (in which Bentley & More LLP was lead counsel) against LG for lithium-ion battery defects.  Decl. of Gregory L. Bentley ¶ 3.

- ***Kimura v. CSAA Insurance Exchange***, Sonoma Superior Court Case No. SCV-263694, where firm attorneys Gregory L. Bentley and Matthew W. Clark served as the lead counsel litigating on behalf of more than a dozen homeowners against CSAA for underinsurance issues involving their residences that were damaged in the 2017 Northern California wildfires.  Decl. of Matthew W. Clark ¶ 5.p.

- ***Allergan Biocell Textured Breast Implant Cases***, J.C.C.P. Case No. 5104, alleging product defects in defendants' textured implants, in which Bentley & More LLP represents a number of plaintiffs in the coordinated proceeding, and

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                    14

has played an active role in the developing and ongoing litigation. Decl. of Gregory L. Bentley ¶ 3.

B&M counsel, individually and as a whole, possess the background and experience necessary to serve as Interim Co-Lead Class Counsel. *See* Decl. of Gregory L. Bentley ¶¶ 4.a.-4.o.; Decl. of Clare H. Lucich ¶¶ 3.a.-3.k.; Decl. of Matthew W. Clark ¶¶ 5.a.-5.p.

## 4.    Plaintiffs' Counsel Individually And Together Have The Resources Needed To Represent The Class.

Finally, Plaintiffs' Counsel have substantial resources and are committed to prosecuting this case zealously and efficiently on behalf of the proposed class. AAC has offices in Orange County and Riverside and routinely secures seven- and eight-figure settlements for its plaintiffs. Decl. of Wylie A. Aitken ¶¶ 5, 8. As noted above, AAC has also served in leadership roles on large-scale class actions. *See* Decl. of Wylie A. Aitken ¶¶ 3, 5; Decl. of Darren O. Aitken ¶ 5; Decl. of Megan G. Demshki ¶ 8. B&M's office is located in Newport Beach – the epicenter of the oil spill. Decl. of Gregory L. Bentley ¶ 6. B&M has a winning track record on major important class action cases and possesses all the resources necessary to serve as Interim Co-Lead Counsel. *See generally* Decl. of Gregory L. Bentley; Decl. of Clare H. Lucich; Decl. of Matthew W. Clark. CPM is one of the leading plaintiff-side class action law firms in the country, with offices located in Santa Monica, Burlingame, New York, and Seattle, and routinely leads large and complex class action cases in this and many other jurisdictions. Decl. of Gary A. Praglin ¶¶ 7, 13; Decl. of Kelly Weil ¶¶ 8-11.

CPM, AAC, and B&M each have a track record of committing the resources necessary to litigate an action such as this one effectively. Plaintiffs' Counsel have already committed serious resources and time to advancing the interests of the proposed class, and will continue to do so as they prosecute this case. Decl. of Kelly Weil ¶¶ 15-16; Decl. of Gary A. Praglin ¶¶ 11-13; Decl. of Wylie A. Aitken ¶¶ 8, 10; Decl. of Gregory L. Bentley ¶ 6. "[T]he substantial resources that Plaintiffs' counsel have

1   already committed to representing the putative class puts it beyond reasonable doubt that

2   they are willing to invest the resources needed to adequately prosecute this action."

3   *Friedman*, 2016 WL 2758240, at *3.  Consequently, appointment of CPM, AAC, and

4   B&M as Interim Co-Lead Class Counsel would be in the best interests of the class.

5         **5.**   **Plaintiffs' Counsel Have The Experience Needed To Represent**

6                   **The Defined Classes in the Related Actions.**

7         The related cases will benefit from the appointment of Interim Co-Lead Class

8   Counsel, who will ensure efficient prosecution of the case and protect the proposed

9   class's interests.  As the Manual for Complex Litigation explains, when "there are a

10  number of overlapping, duplicative, or competing suits pending in other courts," the

11  "*designation of interim counsel clarifies responsibility for protecting the interests of the*

12  *class during precertification activities*."  MCL 4th § 21.11 (emphasis added)); see also

13  Fed. R. Civ. P. 23 advisory committee's note, 2003 amend. ("In some cases . . . there

14  may be rivalry or uncertainty that makes formal designation of interim counsel

15  appropriate.").  The reason for this is clear.  Without appointment of interim counsel,

16  the Court and parties face the risk of duplicative discovery, duplicative or conflicting

17  briefing, and duplicative or conflicting court rulings.  *See In re Air Cargo Shipping*

18  *Services Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) ("[W]here [there are]

19  multiple overlapping and duplicative class actions . . . , designation of interim class

20  counsel is encouraged, and indeed is probably essential for efficient case

21  management."); *Friedman v. Guthy-Renker LLC*, No. 2:14-cv-06009-ODW, 2016 WL

22  2758240, at *2 (C.D. Cal. May 12, 2016) (interim class counsel appointment is necessary

23  "to protect the significant amount of time, effort, and resources the  parties have

24  expended reaching this [class] settlement").  While the Court and parties would bear that

25  unnecessary burden in the short term, it is ultimately Plaintiffs and class members who

26  will suffer from the lack of qualified and unified counsel representing their interests.

27  Appointment of interim co-lead counsel is not only appropriate under these

28  circumstances, but necessary to protect class members' interests.

LAW OFFICES
COTCHETT, PITRE &
McCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**

16

### 6.   Plaintiffs' Counsel Are Best Positioned To Serve As Interim Co-Lead Counsel.

Plaintiffs' Counsel has already demonstrated their ability to work collaboratively together and to move this case forward swiftly.  Plaintiffs' Counsel maintain strong and collegial relationships with many other firms representing plaintiffs in the related cases. *See* Decl. of Francis A. Bottini, Jr. (non-moving attorney in related case supporting this motion); Decl. of Paul Matiasic (same).  Further, CPM, AAC, and B&M each bring different skills and backgrounds which, when combined, present the team in the best position to serve as Interim Co-Lead Counsel.  *See generally* Declarations of Gary A. Praglin, Wylie A. Aitken, Gregory L. Bentley, Kelly Weil, Megan G. Demshki, Matthew W. Clark, Darren O. Aitken, and Clare Lucich.

Importantly, Plaintiffs' Counsel are all local.  AAC and B&M are based in Orange County with offices in Santa Ana and Newport Beach, respectively.  Decl. of Wylie A. Aitken ¶ 8; Decl. of Gregory L. Bentley ¶ 6.  CPM is located nearby in Santa Monica. Decl. of Gary A. Praglin ¶ 13.  All three firms regularly litigate cases in the Central District of California.

Interim Co-Lead Counsel who are local can best represent the classes because they are close to the court and can appear in person with ease, and on short notice. Plaintiffs' Counsel being local has also allowed them all to spend extensive time on the ground in Huntington Beach, Newport Beach, Laguna Beach, Dana Point, and other beach cities.  Decl. of Wylie A. Aitken ¶ 8; Decl. of Gary A. Praglin ¶¶ 11-13; Decl. of Kelly Weil ¶ 12.  Plaintiffs' Counsel have been and will continue to be able to connect to the communities they represent, meet with plaintiffs in person, and gain first-hand understanding of the damage caused by the oil spill.  Id.; Decl. of Wylie A. Aitken ¶ 8 ("[AAC's] location in near proximity to the oil spill has allowed us to be present in the community that has been affected by the oil spill").  When active litigation commences, Plaintiffs' Counsel can also take depositions and observe or conduct inspections in an

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**          17

1  efficient manner.  Plaintiffs' Counsel are best situated for the role of Interim Co-Lead

2  Counsel.

3  **IV.**   **CONCLUSION**

4       For the foregoing reasons, Plaintiffs respectfully request that the Court grant

5  Plaintiffs' Motions for Consolidation and Appointment as Interim Co-Lead Class

6  Counsel for the following proposed classes: (1) Commercial ocean and beach activities

7  class; (2) Commercial fishing class; (3) Commercial sea operations class; (4) General

8  commercial class; and, (5) Homeowner and resident class.

9

10  Dated: October 28, 2021                    **COTCHETT, PITRE & MCCARTHY, LLP**

11                                              By:  _/s/ Kelly W. Weil_
                                                     ROBERT HUTCHINSON
12                                                   KELLY W. WEIL
                                                     NANCI NISHIMURA
13                                                   ANNE MARIE MURPHY
                                                     HANNAH BROWN
14                                                   *Attorneys for Plaintiffs*
15

16  **AITKEN*AITKEN*COHN**                     **BENTLEY & MORE LLP**

17  By:  _/s/ Wylie A. Aitken_                 By:  _/s/ Gregory Bentley_
         WYLIE A. AITKEN                            GREGORY BENTLEY
18       DARREN O. AITKEN                           CLARE LUCICH
         MEGAN G. DEMSHKI                           MATTHEW W. CLARK
19       *Attorneys for Plaintiffs*                 *Attorneys for Plaintiffs*
20

21

22

23

24

25

26

27

28

LAW OFFICES
COTCHETT, PITRE &
MCCARTHY, LLP

**PLAINTIFFS' MOTIONS FOR CASE CONSOLIDATION AND APPOINTMENT OF
INTERIM CO-LEAD CLASS COUNSEL; MEMORANDUM OF POINTS AND
AUTHORIES IN SUPPORT; CASE NO: 8:21-CV-01694-DOC-JDEx**                    18